UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STEVEN DAVIDSON, § <br> § <br> *Plaintiff*, § <br> § <br> v. § <br> § <br> UNITED STATES § <br> DEPARTMENT OF § <br> HOMELAND SECURITY, AND § <br> KIRSTJEN M. NIELSEN, IN § <br> HER OFFICIAL CAPACITY AS § <br> SECRETARY OF UNITED § <br> STATES DEPARTMENT OF § <br> HOMELAND SECURITY, § <br> § <br> *Defendants*. § | Civil Action No. 3:18-CV-02320-X |

**MEMORANDUM OPINION AND ORDER**

This is an employment discrimination lawsuit. Steven Davidson sued his employer (the Department of Homeland Security) and its acting secretary when a position he sought was awarded to an allegedly unqualified white male. He brought a Title VII claim and two non-Title VII claims. The problem is he filed his suit a day late, and the defendants moved for summary judgment. The rare circumstances in which the Supreme Court and Fifth Circuit allow courts to equitably toll these deadlines are simply not present here. As a result, Davidson's Title VII claim is time-barred. And Supreme Court and Fifth Circuit precedent show that his non-Title VII claims are preempted because they flow from the same operative facts. Accordingly, the Court **GRANTS** the defendant's motion for summary judgment and **DISMISSES**

1

Davidson's complaint.

## I. Factual Background

In July 2009, the Department of Homeland Security's United States Citizenship and Immigration Services (the agency) announced a vacant position in the department Davidson worked on. Davidson, an African American, was ultimately one of seven applicants. He claims that the white male the agency selected was (unlike himself) unqualified, and that Davidson and others in the work group had to teach him essential job functions. Davidson then filed a complaint in November 2009 after consulting an Equal Employment Opportunity counselor. In April 2017, the Equal Employment Opportunity Commission ordered the agency to complete its investigation by September 5, 2017. Davidson received the agency's investigation report in August 2017. And on September 13, 2017, he requested a final agency decision, to be due within 60 days.

The agency reopened the investigation, claiming additional information was discovered after the 150-day investigation period. Davidson's counsel alerted the agency to the fact that the delay in issuing a final decision caused Davidson severe mental anguish and hospitalization for heart concerns. On May 21, 2018, the agency issued its final decision.[1] The agency mailed the letter via certified mail to Davidson at two addresses as well as mailing it to Davidson's lawyer. The letter notified the recipient that he had "the right to file a civil action in an appropriate United States District Court within 90 days after you receive this final decision if you do not appeal

---

[1] The EEOC later cited the agency for failure to report as ordered.

2

to EEOC, or within 90 days after receipt of EEOC's final decision on appeal."[2] And the letter further noted that, "[i]f an attorney represents you, the time periods begin to run from the date that your attorney receives this decision."[3] The tracking information confirmed the lawyer's office signed for the letter on May 31.

Ninety-one days later (on August 30, 2018), Davidson filed this lawsuit through the same lawyer that received the final decision. The complaint asserted claims of racial discrimination under Title VII and section 21.051 of the Texas Labor Code, and a claim for intentional infliction of emotional distress. He requests declaratory relief, compensatory damages, punitive damages, liquidated damages, and attorney's fees and costs.

## II. Legal Standards

Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4] "A fact is material if it 'might affect the outcome of the suit'" and "[a] factual dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[5] Courts "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both

---

[2] Appendix in Support of Department of Homeland Security's Motion for Summary Judgment at p.11 [Doc. No. 18].

[3] *Id.* at 10.

[4] FED. R. CIV. P. 56(a).

[5] *Thomas v. Tregre*, 913 F.3d 458, 462 (5th Cir. 2019) (alteration in original) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

3

parties have submitted evidence of contradictory facts."[6] Thus, "the nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or 'only a scintilla of evidence.'"[7]

III. Application

A. The 90-Day Deadline

Federal law establishes a 90-day deadline from receiving the final decision for agency employees to sue:

> Within 90 days of receipt of notice of final action taken by a department . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title[.][8]

Likewise, the relevant federal regulation confirms the 90-day deadline: "A complainant who has filed an individual complaint . . . is authorized under title VII . . . to file a civil action in an appropriate United States District Court: (a) Within 90 days of receipt of the final action on an individual . . . complaint[.]"[9]

The Fifth Circuit has settled any doubt as to the 90-day-from-receipt rule when lawyers are at play in holding that the deadline "begins to run on the date that the . . . right-to-sue letter is delivered to the offices of formally designated counsel or to the claimant."[10] And the Supreme Court has confirmed that, for purposes of 42 U.S.C.

---

[6] *Antoine v. First Student, Inc.,* 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir. 2005)).

[7] *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)).

[8] 42 U.S.C. § 2000e-16(c).

[9] 29 C.F.R. § 1614.407(a).

[10] *Ringgold v. Nat'l Maint. Corp.*, 796 F.2d 769, 770 (5th Cir. 1986) (citations omitted) (affirming district court holding "that actual notice to the claimant's designated attorney was constructive notice

4

§ 2000e-16(c), there is not a "material difference between receipt by an attorney and receipt by that attorney's office."[11]

Here, the record demonstrates that Davidson's lawyer received the complaint on May 31. And his same lawyer filed this suit 91 days later.

Unfortunately for Davidson, the Fifth Circuit has required that such 90-day deadlines to sue be "strictly construed."[12] And the strictness is in accordance with guidance from the Supreme Court, which observed that "Congress has already spoken with respect to what it considers acceptable delay when it established a 90-day limitations period, and gave no indication that it considered a 'slight' delay followed by 90 days equally acceptable."[13] Accordingly, his suit is time-barred.

B. Estoppel/Equitable Tolling

Davidson does not dispute these facts and admits that "Plaintiff filed on August 30, 2018 due to an inadvertent miscalculation by Counsel of the deadline."[14] Accordingly, Davidson raises the point that, because the rule is not a jurisdictional prerequisite to suit, the agency should be estopped from invoking the statute.[15] Davidson points out such facts as the agency issuing its final decision over six months after the EEOC deadline; reopening its investigation over Davidson's objection; and

---

to the claimant").

[11] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 92–93 (1990).

[12] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379–80 (5th Cir. 2002) (holding that a suit 91 days after receiving the right-to-sue notice was untimely because the 90-day deadline is to be "strictly construed).

[13] *Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc.*, 429 U.S. 229, 240 (1976).

[14] Davidson's Response to the Department of Homeland Security's Motion for Summary Judgment at p.6 [Doc. No. 19].

[15] *Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 239 (5th Cir. 2010).

citing previously destroyed records as the basis to reopen the investigation.

Judicial estoppel applies when "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently."[16] "The second prong of [the] judicial estoppel analysis requires that the party 'must have convinced the court to accept that previous position.'"[17] "Once a court has accepted and relied upon one of a party's several alternative positions, any argument inconsistent with that position may be subject to judicial estoppel in subsequent proceedings."[18]

Here, Davidson has not shown that the agency asserted a position that he need not file suit within 90 days of he or his lawyer receiving the final decision. On the contrary, the record demonstrates consistency in the agency's position before this lawsuit and now. Judicial estoppel cannot apply to these facts.

In the event Davidson is truly arguing equitable tolling and not estoppel, that argument also fails. The Supreme Court has admonished that equitable tolling to extend a plaintiff's time to file suit should be used "only sparingly," as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass."[19] However,

---

[16] *Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011) (citations omitted).

[17] *Gabarick v. Laurin Mar. (Am.) Inc.*, 753 F.3d 550, 554 (5th Cir. 2014) (quoting *Hall v. GE Plastic Pac. PTE Ltd.*, 327 F.3d 391, 396 (5th Cir. 2003)).

[18] *Id.*

[19] *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990).

there is no claim of trickery on the part of the agency about the 90-day deadline—only that Davidson's counsel inadvertently filed the suit late. But the Fifth Circuit has held that "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."[20] Accordingly, equitable tolling does not apply.

## C. Preemption of Non-Title VII Claims

Davidson argues in the alternative that the Court should decline to grant summary judgment as to the non-Title VII claims (claims for intentional infliction of emotional distress and a violation of the Texas Labor Code). The agency responds that Title VII preempts these claims. The Court agrees with the agency.

The Supreme Court made clear that that Title VII "provides the exclusive judicial remedy for claims of discrimination in federal employment."[21] The Court there affirmed the dismissal of non-Title VII claims because of Title VII's preemptive effect.[22] As the Fifth Circuit expounded, "when a complainant against a federal employer relies on the same facts to establish a Title VII claim and a non-Title VII claim, the non-Title VII claim is 'not sufficiently distinct to avoid' preemption."[23]

Here, the complaint demonstrates that the same operative facts cause the injury at issue in the Title VII and non-Title VII claims. As a result, Title VII

---

[20] *Simmons v. Methodist Hosps. of Dallas*, 632 F. App'x 784, 787 (5th Cir. 2015) (alteration in original) (quoting *United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008)).

[21] *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976).

[22] *Id.* at 823–24, 832–35.

[23] *Pfau v. Reed*, 125 F.3d 927, 932 (5th Cir. 1997), *vacated on other grounds*, 525 U.S. 801 (1998), and *reinstated on remand*, 167 F.3d 228 (5th Cir. 1999) (per curiam), *cert. denied*, 528 U.S. 813 (1999) (quoting *Rowe v. Sullivan*, 967 F.2d 186, 189 (5th Cir. 1992)).

preempts these claims.

IV. Conclusion

For the foregoing reasons, the Court **GRANTS** the agency's motion for summary judgment and dismisses Davidson's complaint.[24]

**IT IS SO ORDERED** this 26th day of February, 2020.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[24] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.